———————o———————

## No. 5982.

## PAUL BOTTAZZI vs. AMERICAN UNION FIRE INSURANCE COMPANY.

### Syllabus.

1. An appeal from a judgment in plaintiff's favor against defendant upon the main demand, does not constitute an appeal from a separate and distinct judgment, rendered prior thereto, dismissing an intervention.

2. The correctness of a judgment upon a main demand from which third persons appeal must be tested upon the facts pleaded and proved prior to its rendition, and cannot be made to hinge upon an allegation, unsupported by proof, contained in an intervention.

3. The mandate of the Secretary of State to receive service of citation on behalf of a foreign insurance corporation is irrevocable under Act 105 of 1898. p. 142, which does not contemplate that his authority shall be affected by a withdrawal of the company from the State or by its dissolution or liquidation, but on the contrary that it shall subsist, despite these

contingencies, "as long as any policy or other liability remains outstanding," service on him being deemed equivalent to service upon "the principal," and of the same effect as if the corporation "existed" in this State.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. 103,885. Hon. Porter Parker, Judge.

P. J. Patorno, for plaintiff and appellee.

J. C. Hollingsworth, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff's suit is for the recovery of indemnity for the loss by fire of his property in the city, insured under a policy issued in this State by defendant, a corporation organized under the laws of, and having its domicile in, the State of Pennsylvania. Plaintiff had judgment against defendant by default; and the present appeal is prosecuted, not by defendant, but by third parties claiming to be the sureties upon the bond executed by defendant in compliance with Act 172 of 1908, namely, the Commonwealth Bonding and Casualty Insurance Company and the Texas Fidelity and Bonding Company.

The citation was served upon the defendant through the Secretary of State, as authorized by the provisions of Section 1 of Article 2 of Act 105 of 1898, and the record shows that, upon the confirmation of the default, ample evidence was adduced to sustain platintiff's claim and the judgment in his favor.

The appellants, however, assert that subsequent to the filing of the suit but prior to the judgment confirming the default, the defendant corporation was dissolved and placed in the hands of a receiver for liquidation by de-

cree of the Courts of Pennsylvania, its domicile, and that consequently the judgment appealed from is void and should be set aside, since the effect of the dissolution was to abate all pending actions against defendant and to strike with nullity the judgment thereafter obtained herein.

There is no proof whatever in the record of the alleged fact of dissolution. It is true that an allegation to that effect is contained in an anomalous application, in the nature perhaps of an intervention, filed below and presented by the sureties to the trial Court prior to the signing of the judgment, wherein they prayed for an order staying all proceedings and directing plaintiff to show cause why the preliminary default should not be set aside on the ground of the alleged dissolution of the defendant corporation. The Court declined to entertain the application or to issue the order and no appeal has been taken from the judgment, the present appeal by the sureties being confined to the subsequent judgment on the merits of plaintiff's claim against defendant.

The appeal by sureties from the latter judgment does not carry with it an appeal from the separate and distinct judgment, rendered prior thereto, dismissing the intervention.

**White vs. 1st Regular Baptist Church, 21 An., 521.**

The correctness of the judgment from which the sureties, as third persons, presently appeal must be tested upon the facts pleaded and proved before its rendition, and cannot be made to hinge upon a mere allegation contained in the intervention, the averments of which were never proved.

**Mutual Insurance Company vs. Houchins, 52 An., 1137.**

Consequently upon the record presented there appears to be no error in the judgment, the defendant having been properly cited and plaintiff having fully established his cause of action.

But even if the fact of dissolution be conceded, the citation and the judgment are none the less valid, for the mandate of the Secretary of State is irrevocable under Act 105 of 1898, which does not contemplate that his authority shall be affected by a withdrawal of the company from this State or by its dissolution or liquidation, but on the contrary that it shall subsist, despite these contingencies "as long as any policy or other liability remain outstanding," a service upon him being deemed equivalent to service upon the "principal" and of the same effect as if the company "existed" in this State.

See **Foreign Corporations, 19 Cyc., at p. 1350.**

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, February 25th, 1914.

Rehearing refused, March 23, 1914.